FRIEDERIKE KEIL *vs.* CITY OF ST. PAUL.

November 2, 1891.

City of St. Paul—Change of Street Grade.—A city having changed the established grade of a street where it crossed another street, and damages having been assessed and paid, in accordance with the charter, for the injury resulting therefrom to a lot fronting on the latter street, the city is *held* not to be again liable to the owner of such lot by reason of the fact that such change of grade had cut off all access thereto.

Appeal by plaintiff from a judgment of the district court for Ramsey county, entered on the pleadings pursuant to order by *Kelly, J.,* in an action to recover $5,525 for injury to plaintiff's property, as stated in the opinion.

*Henry C. James,* for appellant.

*Dan. W. Lawler* and *J. C. Michael,* for respondent.

DICKINSON, J.    Appeal .by the plaintiff from a judgment on the pleadings.    The action is for the recovery of damages for injury resulting to the plaintiff as the owner of a lot of land in the city of St. Paul, by reason of the interruption of all means of access thereto over the public streets in the vicinity.    The lot fronts southerly on Grove street.    Seventh street crosses Grove street diagonally just east, and also in front, (south,) of this lot, running in a northeasterly and southwesterly direction.    Certain railroads have long crossed Grove street in the opposite direction just west of the lot in such a way as to make that street wholly impassable in that direction.    In 1871 the city established the grade of and graded Seventh street, including that part of it where it crosses Grove street.    That part of Grove street in front of this lot—a small triangular piece of land—was also graded to the same level as Seventh street. ' Thereafter the plaintiff's grantor, who then owned this lot, graded and improved it with reference to such street grades.    The lot was then easily accessible by means of Seventh street and this part of Grove street lying south of the lot.    In 1882 the city established a different grade for Seventh street, by proceedings the legality of which is not questioned, and the street where it crosses Grove street was raised to that newly-established grade, which was some seven feet above the former grade; thus leaving that part of Grove street in front of this lot so much below the level of Seventh street at the intersection of the two streets, and cutting off all access to the lot by means of such streets.    There was no other way of access.    Damages were assessed and paid to the owner of the lot for the injury caused by such change of grade of Seventh street.

From this brief statement of the facts, as they appear from the pleadings, the legal conclusion follows that the plaintiff is not entitled to recover.    The city was under no absolute obligation to change the grade of Grove street to conform to that of the changed grade of Seventh.    The proceedings for the change of the established grade of the latter street did not contemplate, so far as appears, any corresponding grade of the former also, and, for whatever injury may have been.

v.47M.—19

caused to this property from the change in the grade of Seventh street alone, it must be presumed that compensation was awarded in the assessment of damages in accordance with the charter. The city is not responsible a second time for the same injury. It is not responsible upon the ground of having maintained a nuisance, for the new grade of Seventh street across Grove street was legally established. That which is lawful does not constitute a nuisance. The decision of the district court was right, and its judgment is affirmed.